

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00116-CR

_____

REGGIE MASON SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 15F0002-102

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Following a bench trial, Reggie Mason Smith was found guilty of burglary of a habitation with a deadly weapon. After pleading true to the State's enhancement allegation, Smith was sentenced to forty-five years' imprisonment. Smith appeals.

Smith's attorney on appeal has filed a brief affirming that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the trial proceedings. Counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal, thus meeting the standards applicable to his representation. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On December 10, 2018, counsel mailed to Smith a copy of the brief, the appellate record, and the motion to withdraw. Smith was informed of his right to review the record and file a pro se response. By letter dated December 10, 2018, this Court informed Smith that any pro se response was due on or before January 9, 2019. On January 16, this Court further informed Smith that the case would be set for submission on the briefs on February 6, 2019. We received neither a pro se response from Smith nor a motion requesting an extension of time in which to file such a response.

We have independently reviewed the entire appellate record and find that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We note,

however, some nonreversible errors in the judgment. In *Anders* cases, we may correct judgments and affirm them as modified in cases where there is nonreversible error. *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases); *see Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd) (appellate court authority to modify incorrect judgments not dependent on request of any party); Tex. R. App. P. 43.2. Although Smith's conviction was the result of a bench trial, the judgment mistakenly reflects that a plea agreement was entered and contains the supposed terms of such a bargain. Also, while the clerk's bill of costs demonstrates that the amount of court costs was only $234.00, the judgment mistakenly assessed $484.00 in court costs.

We, therefore, modify the trial court's judgment by deleting the section labeled "Terms of Plea Bargain" and to reflect that the correct amount of court costs is $234.00. We affirm the judgment, as modified.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:    February 6, 2019
Date Decided:      February 7, 2019

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.